

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,027-02

### EX PARTE JEROME WENDALL ELLIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17-03-29924-D-2 IN THE 377TH DISTRICT COURT
### FROM VICTORIA COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of tampering with evidence and one count of murder and sentenced to twenty years' imprisonment for the tampering with evidence count and ninety-nine years' imprisonment for the murder count, to run concurrently.

Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal. Applicant's trial counsel, who was also retained to represent Applicant on direct appeal filed a motion for new trial and an amended motion for new trial, both

of which were overruled by operation of law. However, trial counsel did not timely file notice of appeal.

Applicant's trial counsel submitted an affidavit in response to the same allegations raised in Applicant's previously-filed habeas application, which was dismissed by this Court as non-compliant and therefore not addressed on its merits. In his affidavit, trial counsel states that he was retained to continue representing Applicant in his motion for new trial, but that Applicant was also represented by two other attorneys, Toni S. Jones (who filed this habeas application on Applicant's behalf), who was supposed to handle the appeal, and Rahlita D. Thornton, who was supposed to handles research and oversee the appellate proceedings. According to trial counsel, he was advised on December 12, 2017 that Applicant no longer wanted him to be involved in the appeal, and that his employment was terminated as of that date. In his affidavit, trial counsel states his belief that the deadline for filing notice of appeal was January 12, 2018, and that Applicants remaining appellate attorneys Jones and Thornton had ample time to file notice of appeal on his behalf. In fact, trial counsel's filing of the motions for new trial extended the deadline for filing notice of appeal until December 28, 2017. Trial counsel's affidavit does not state whether or not he filed a motion to withdraw from the representation upon learning that his services were no longer wanted. The habeas record does not show who was designated as Applicant's appellate attorney of record. Nor is there an affidavit from either attorney Jones or attorney Thornton.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is

the appropriate forum for findings of fact. The trial court shall order attorneys Troy Wilson, Toni S. Jones and Rahlita D. Thornton to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to who was designated as Applicant's appellate counsel of record. If trial counsel alone was designated as appellate counsel of record, the trial court shall make findings as to whether trial counsel ever filed a motion to withdraw from the representation. If trial counsel was not sole appellate counsel of record, the trial court shall make findings of fact and conclusions of law as to whether Applicant's other appellate attorneys received notice that Applicant's motions for new trial had been overruled by operation of law. The trial court shall make findings of fact and conclusions of law as to whether Applicant was represented by counsel during the applicable time for filing notice of appeal, and if so, who that counsel was. The trial counsel shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 27, 2019

Do not publish